## No. 11,379.

### CITY OF NEW ORLEANS VS. HOME INSURANCE COMPANY.

The defendants made a return showing money at interest, its credits and its bills receivable, which was received as correct by the assessor.

In answer to plaintiff's rule and in defence the defendant alleges that losses by fire were suffered to a large amount shortly after its return had been made to the assessors.

The evidence is that none of the money at interest, credits and bills receivable assessed remain.

The requisite demand prior to seizure of other property than that assessed has been made.

The plaintiff has exhausted its remedy by rule to compel the delivery of the property assessed. The right to seize other property than that assessed becomes the issue.

It is reserved to the plaintiff, subject to such legal right as the defendant may plead.

APPEAL from the Civil District Court, Parish of Orleans. *Ellis, J.*

---

*E. A. O'Sullivan*, City Attorney, *Geo. W. Flynn*, Assistant City Attorney, for Plaintiff and Appellee, cite Sec. 31, Act 106 of 1890; Ice Company vs. Tax Collector, 42 An. 669; Sec. 20, Act No. 7 of 1870; Mullan vs. Creditors, 39 An. 397; Sec. 22, Act 20 of 1882.

---

*Farrar, Jonas & Kruttschnitt* Attorneys for Defendant and Appellant:

Where a rule is taken upon a tax debtor to produce property taxed, in order that it may be sold by the tax collector, proof that such debtor has none of the property in his possession is a

perfect defence, because the judgment can only be that he pro-
duce the property, and the court will not order a vain thing.
State vs. V. & A. Meyer & Co., 41 An. 436.

Since the passage of Act No. 135 of 1888 the city is required to
farm out and adjudicate the contract to collect delinquent taxes
and licenses to the lowest bidder, after public advertisement.
See Sec. 7 of Act. This act divests the treasurer of all power
to take judicial or other proceedings for the collection of a tax;
and he has no more power and authority in the premises than
the Commissioner of Public Works, or any other city official.

---

The opinion of the court was delivered by

BREAUX, J. The plaintiff, by rule, seeks to compel the defendant
to deliver personal property, for the taxes of 1892, in order to sell it
at public auction to satisfy the taxes, penalties and costs.

The property is described as money at interest, credits and bills
receivable, amounting to two hundred and ten thousand one
hundred dollars, and money in possession, eleven thousand two
hundred dollars.

The taxes claimed by the city is four thousand four hundred and
seventy and twenty-six-one-hundredths dollars, plus interest.

The assessment was proved as alleged by the plaintiff.

The defendant, through its president, deposes, that its return,
dated January 27, 1892, to the Board of Assessors, which served as
a basis of the assessment, was correct, at the date it was made.

That the company suffered severe losses between the 18th of
January and the 3d of April of that year; the net amount of these
losses was one hundred and fifty-eight thousand dollars. The items
of the different losses are given in a statement filed in evidence.

The witness referred to the fires that occurred on Canal street and
those among the cotton presses as having caused the loss.

He also stated that the losses were paid out of the property as-
sessed and that none of the cash on the bills receivable taxed re-
mained on March, 1893, at the time the rule was filed.

The judge of the District Court, upon these facts, found that the
defendant company had on hand none of the money at interest and
cash assessed. The rule was dismissed.

The plaintiff, a municipal corporation, can proceed by rule to com-
pel the tax-payer to deliver to the tax collecting officer the personal

property assessed, to the end of realizing, at public sale, the amount of the taxes, costs and penalties.

The plaintiff's remedy in this respect is similar to that of the State.

On the merits, the argument on the part of the plaintiff is that the net loss is less than the amount assessed, and, that as there is a remainder of the property, the sale should be made absolute as to this remainder.

The amounts themselves sustain that contention, for the property assessed was valued at two hundred and twenty-one thousand three hundred dollars.

While the extent of the losses in the figures given is one hundred and fifty-eight thousand dollars, caused by fires.

There is other testimony on the subject that does not limit the losses to the last figures.

There has been a constant depreciation in values and in consequence it is stated that the surplus is no longer what it was.

These statements are not irreconcilable with the siatement that the amount of loss from certain fires was one hundred and fifty-eight thousand dollars.

To that amount these figures are corroborative.

The absolute, uncontradicted testimony is that in consequence of the company's losses none of the cash or bills receivable taxed remained in possession of the company.

With the evidence before us we do not feel authorized to conclude that there remains any of the property assessed, the delivery of which can be compelled.

It would not be reasonable to order a company to deliver property the president, the only witness, deposes it has not in its possession.

The plaintiff has exhausted whatever remedy it had by rule.

Whatever may be the cause of the disappearance of the values assessed, the fact remains that they are no longer in possession.

Nor can the responsibility of the parties for its disappearance be tested on the rule at bar.

It is the duty of the tax collecting authority to enforce payment by seizing, when possible, the property assessed.

It is authorized to rule the tax-debtor into court to compel him to deliver the property that it may be seized.

If the property assessed " has been concealed, parted with or dis-

posed ·of '' by·the tax-debtor, so that its seizure has been rendered impossible by the debtor's acts, seizure of other property becomes· possible.

The property in the case at bar has been disposed of, whether legally or not is a question that can not be determined on the trial of this rule.·

The remedy is pointed out by the statutes. Until applied in the manner. pointed out,·the courts are not called .upon to determine whether the disposition made of the property renders it impossible to collect the tax.

The defendant has presented, as an additional ground of defence, that the power of the City Treasurer was divested and taken away from him. by Sec. 7 of Act 135 of 1888, which provides that at the end of each year the council shall farm out and adjudicate the contract to ,the lowest bidder; that the .section is mandatory, and that only the, one to whom the collection of the taxes has been farmed out has any power.or authority to collect the taxes.

The rule is presented by the City Attorney, who alleges that the. defendant is indebted to the city for taxes.

The Treasurer is also a party to the rule.

It was not sued out exclusively in the name of the city, but the city is sufficiently a party to sustain the demand for delivery of the property assessed in order that taxes due it may be collected.

It is the city's proceeding by rule to compel payment to the proper officer. The municipality has the authority to enforce the payment of taxes, and has, to that end, all the remedies given to the State for the collection of her taxes.

If no farmer of the tax has been selected, or if that official is recreant to his trust, or if for any other reason he does not choose to act, the municipal government is not divested of all its authority of enforcing the payment of taxes due.

The right of the city to proceed, after an ineffectual attempt has been made to have the property assessed delivered, to be sold for the payment of taxes, is reserved in the judgment appealed from— i. e., the right to seize other property than the property assessed without prejudice to such legal defences as the defendant may have to offer.

It is therefore ordered, adjudged and decreed that the judgment of the court a qua is affirmed.

Rehearing refused.